IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCISCO FABIAN | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | No. 13-1656 |
| Defendant. | : | |

# **M E M O R A N D U M**

Before the Court is the United States' Motion to Dismiss Plaintiff Francisco Fabian's Complaint for failure to file a certificate of merit (Docket No. 8), as well as Mr. Fabian's Response thereto (Docket No. 9). On March 29, 2013, Mr. Fabian sued the United States under the Federal Tort Claims Act ("FTCA") for medical negligence during its treatment of a hand injury he allegedly sustained while playing soccer at the Federal Detention Center, Philadelphia. Compl. ¶¶ 1-2 (Docket No. 1). After an extension of time to respond to the Complaint (Docket Nos. 6-7), the United States moved to dismiss the Complaint for failure to file a certificate of merit ("COM"). Mr. Fabian responded on September 30, 2013. For the reasons that follow, the Government's Motion is denied; Mr. Fabian shall resubmit the exhibits attached to his Complaint by Monday, October 21, 2013; and Mr. Fabian must file a proper COM by December 6, 2013.

\* \* \*

Under the FTCA, the law of the state in which the alleged tortious conduct occurred applies, *see* 28 U.S.C. § 1346(b); *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 179 (3d Cir. 2000), and so here, Pennsylvania law requires a medical malpractice plaintiff, like Mr. Fabian, to submit a COM. The COM must attest that

1

> an appropriate licensed professional has supplied a written statement that there
> exists a reasonable probability that the care, skill or knowledge exercised or
> exhibited in the treatment, practice or work that is the subject of the complaint,
> fell outside acceptable professional standards and that such conduct was a cause
> in bringing about the [Plaintiff's] harm.

PA. R. CIV. P. 1042.3(a)(1); *see Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264-65 (3d Cir. 2011) (holding that the COM requirement is a substantive rule that federal courts must follow). Mr. Fabian has not supplied a COM, but argues in his Response that Dr. Scott F. Giberman's July 21, 2010 notes, quoted in Mr. Fabian's Complaint, *see* Compl. ¶ 4, were "sufficient to meet the requirement," Resp. at 3.

In *Booker v. United States*, 366 F. App'x 425 (3d Cir. 2010), the Third Circuit Court of Appeals considered the District Court's dismissal without prejudice of an FTCA medical malpractice claim for failure to comply with Rule 1042.3. In lieu of a COM, but in what the Court of Appeals ultimately considered to be substantial compliance with Rule 1042.3, Mr. Booker submitted a letter from a doctor that stated that the doctor had reviewed Mr. Booker's medical file and "believe[s] this case warrants a closer look." *Id.* at 427 (quoting the letter). The United States contended, and the District Court had held, that the letter did not fully comply with Rule 1042.3 and therefore that Mr. Booker's suit had to be dismissed. The Court of Appeals disagreed. Noting that Mr. Booker, "while incarcerated and proceeding *pro se* and *in forma pauperis*, ha[d] located a qualified physician, compiled his medical records, timely filed the necessary requests for extensions of time, and attempted to provide the Court with a compliant COM," *id.* at 429, the Court of Appeals held that Mr. Booker had met the requirements of the Pennsylvania doctrine of "substantial compliance," applicable in situations in which "the plaintiff has attempted but failed to meet the technical requirements of Rule 1042.3," *id.* at 428.

In the instant case, the Court finds that Mr. Fabian, unlike Mr. Booker, has not substantially complied with Rule 1042.3. The determinative distinction is that Mr. Fabian's

proffered physician's notes are not a physician's post hoc assessment of any potential medical malpractice on the part of the United States or its employees, but rather the opinion of a physician consulted in the course of the treatment giving rise to this suit.

Because Mr. Fabian is required to file a COM and has not, the next question is whether his Complaint must be dismissed, as the Government requests. But dismissal is not appropriate at this time.[1] As recently amended, *see Anderson v. McAfoos*, 57 A.3d 1141, 1154 (Pa. 2012) (Baer, J., concurring), Rule 1042.6 provides that a defendant seeking to enter a judgment of *non pros* for failure to file a COM must give the plaintiff thirty days' notice of his intent to file a praecipe for such a judgment. PA. R. CIV. P. 1042.6(a); *id.* 1042.6(d) (model form stating, "I intend to enter a judgment of non pros against you after thirty (30) days of the date of the filing of this notice if a certificate of merit is not filed as required by Rule 1042.3"); *id.* 1042.6 cmt. 3 ("[N]ew Rule 1042.6(a) requires a defendant to give a thirty-day notice of intention to file a praecipe for a judgment of non pros for failure to file a certificate of merit. Subdivision (d) provides a form of notice."). Only after such notice may the defendant then file the praecipe, which requires the prothonotary to enter a judgment of *non pros* so long as the plaintiff has not filed a COM or an extension for filing a COM. *Id.* 1042.7(a). But within that thirty-day allotment, the plaintiff may move for "a determination by the court as to the necessity of filing a certificate of merit," with the time period tolled while the court deliberates. *Id.* 1042.6(c). If the court determines that a COM is required, the plaintiff has twenty days to file one. *Id.*[2]

---

[1] Even if it were, it would be without prejudice and thus the claim would be subject to refiling. *See Moore v. John A. Luchsinger, P.C.*, 862 A.2d 631, 634 n.3 (Pa. Super. Ct. 2004); PA. R. CIV. P. 3051.

[2] This discussion is not meant to be read as a statement that "all aspects of the Pennsylvania COM rule can be implemented in federal court." *Keel-Johnson v. Amsbaugh*, No. 07-200, 2009 WL 648970, at *3 (M.D. Pa. Mar. 10, 2009). But the Pennsylvania Supreme Court's 2008 amendments to the Pennsylvania Rules of Civil Procedure affect the COM requirement in a

Here, the Court construes the Government's September 13, 2013 Motion to Dismiss as notice of its intent to file a praecipe for entry of a judgment of *non pros* rather than the praecipe itself. Mr. Fabian responded on September 30, 2013, well within the thirty days allowed, and his Response falls under Rule 1042.6(c) because it indicates that he does not think that a separate COM was required. Although the Court disagrees with Mr. Fabian and finds that a COM *is* required, Rule 1042.6(c) gives him twenty days to file one.

The only remaining question, then, is whether Mr. Fabian should have sixty days instead. Rule 1042.3(d) provides the roadmap for locating the answer:

> The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. *A motion to extend the time for filing a certificate of merit must be filed by the thirtieth day after the filing of a notice of*

---

substantive way by affording the plaintiff "ample notice" rights before the defendant is permitted to file the actual praecipe for entry of a judgment of *non pros*. *Id.* at *3-6; *see also Anderson*, 57 A.3d at 1154 (Baer, J., concurring) ("[A] subsequent amendment to the civil procedural rules requir[es] a defendant to give a plaintiff a thirty-day written notice of intention to file a praecipe for a judgment of non pros for failure to file a COM. Once notice was provided, the amended rules afforded the plaintiff an opportunity to seek a determination by the court as to the necessity of filing a COM. Thus, the harsh consequence arising from a plaintiff's failure to file a COM was ameliorated with a fair rule of process." (citing PA. R. CIV. P. 1042.6(a), (c))).

The language in some Third Circuit Court of Appeals opinions may seem misleading—e.g., the statement that "a plaintiff may file an untimely certificate of merit as long as she does so before the defendant files a praecipe for non pros, and [the Plaintiff] filed all of the relevant documents here before [the Defendant] moved to dismiss her complaint." *Liggon-Redding*, 659 F.3d at 260 n.2; *see also, e.g.*, *Cuevas v. United States*, 422 F. App'x 142, 145 (3d Cir. 2011) ("Even an untimely COM can suffice to prevent this entry of judgment if filed *prior* to defendant's motion."). In making these passing comments—dicta—the panels seem not to have considered the effect of the amendments to the Pennsylvania Rules of Civil Procedure that provide for *notice* to the plaintiff before the defendant is entitled to file the praecipe upon which the prothonotary can grant the entry of a judgment of *non pros*. A motion to dismiss can hardly compress the separate notice and praecipe requirements into each other and thereby take from a plaintiff the opportunity to respond as provided by Rules 1042.6(c) and 1042.3(d). "[J]udgment may not be filed earlier than thirty days after the filing of the *notice*." PA. R. CIV. P. 1042.6 explanatory cmt. 3 (emphasis added); *see Refosco v. United States*, No. 10-1112, 2011 WL 1833374, at *4 (W.D. Pa. May 13, 2011) ("If the plaintiff fails to timely file the COM or to request an extension of time in which to do so, the defendant may move the prothonotary to enter what is known under Pennsylvania law as a judgment of non pros, *providing* it has given the plaintiff a 30–day notice of its intent."). *See also generally Keel-Johnson*, 2009 WL 648970.

> *intention to enter judgment of non pros on a professional liability claim under Rule 1042.6(a) or on or before the expiration of the extended time where a court has granted a motion to extend the time to file a certificate of merit, whichever is greater. The filing of a motion to extend tolls the time period within which a certificate of merit must be filed until the court rules upon the motion.*

*Id.* 1042.3(d) (emphasis added). The Rule thus lays out for plaintiffs like Mr. Fabian an alternative avenue to asking for a determination that a COM is not required—it allows them to move for a sixty-day extension of time within which to file a COM. Mr. Fabian's Response seeks to explore both routes.

To obtain such a sixty-day extension, Mr. Fabian must show "good cause" under Rule 1042.3(d). The case law on what constitutes "good cause" is underdeveloped. But based on the relevant factors it can glean, the Court finds three reasons that Mr. Fabian has shown good cause for an extension of time.

First, to the extent that the Pennsylvania Supreme Court's construction of "reasonable explanation or legitimate excuse" in *Womer v. Hilliker*, 908 A.2d 269 (Pa. 2006), has any analogical relevance to the "good cause" analysis, it does not foreclose a finding of good cause here.[3] In *Womer*, the plaintiff had not timely filed a COM but claimed that his "reasonable explanation or legitimate excuse" for his failure to do so was that he had believed that he had substantially complied with the COM requirement by serving the Defendant, in discovery, with an expert report showing that he had a meritorious claim. *See id.* at 274-78. But this expert report was "information not of record." *Id.* at 274. The Pennsylvania Supreme Court reasoned that

---

[3] The Pennsylvania Supreme Court's decision in *Womer* is not directly applicable because it construes "reasonable explanation or legitimate excuse" for opening a judgment of *non pros*— and before the recent amendments to the Pennsylvania Rules of Civil Procedure, *see* 908 A.2d at 280—rather than "good cause" under Rule 1042.3. *See generally Keel-Johnson v. Amsbaugh*, No. 07-200, 2009 WL 648970, at *6 (M.D. Pa. Mar. 10, 2009) ("Now that new Rule 1042.6 severely limits the availability of non pros by permitting judgment only after ample notice to plaintiffs, it is not so clear that the *Womer* standard remains the standard in state court. It is even less clear that *Womer* has any application to this case.").

> *the presence in the record* of a COM signals to the parties and the trial court that the plaintiff is willing to attest to the basis of his malpractice claim; that he is in a position to support the allegations he has made in his professional liability action; and that resources will not be wasted if additional pleading and discovery take place. On the other hand, *the absence from the record* of a COM signals to the parties and the trial court that none of this is so and that nothing further should transpire in the action, except for the lawsuit's termination.

*Id.* at 275-76 (emphasis added) (citations omitted). For these policy reasons, "Rule 1042.3 is clear and unambiguous in its mandate that in every professional liability action a specific representation about the plaintiff's claim must be filed *in the official record* in a document called a 'certificate of merit' at the time the complaint is filed or within sixty days thereafter." *Id.* at 278 (emphasis added). Yet instead of placing anything on the record that would alert the Defendant and the Court that he was prepared to support his claim, the Plaintiff simply "served discovery materials . . . , which included an expert report." *Id.* at 278.

Mr. Fabian, by contrast, quoted from Dr. Giberman's July 21, 2010 notes in his Complaint, *see* Compl. ¶ 4, and purported to attach them thereto.[4] He thus put the notes into the record and thereby brought them to the attention of the Government and the Court. Although the Court finds that the notes are inadequate to meet or substantially comply with the COM requirement itself, the placement of these notes in the record could have reasonably led Mr. Fabian to *believe* that he had complied, and thus constitutes good cause for his failure to comply in fact. *Cf. Booker v. United States*, No. 07-1960, 2009 WL 90129, at *4 (M.D. Pa. Jan. 14, 2009) ("We further believe that good cause is shown by Plaintiff's assertion that he did not believe that a COM was necessary . . . .").

Second, the note to Rule 1042.3(d) instructs that "the court shall give appropriate consideration to the practicalities of securing expert review," and provides some guidance by

---

[4] Mr. Fabian makes reference to exhibits in his Complaint, including, of relevance here, to Exhibit 3 (Dr. Scott F. Giberman's notes). Neither the Docket nor the Court's file contains these exhibits.

noting that the time at which the plaintiff "first contacted" counsel and the diligence of counsel's efforts may be relevant. PA. R. CIV. P. 1042.3(d) note. In *Nuyannes v. Thompson*, No. 11-2029, 2011 WL 5428720 (E.D. Pa. Nov. 8, 2011), for instance, "the Court [found] sufficient good cause on which to grant an extension of time" where "Plaintiff filed his original Complaint in March of 2011, but did not obtain counsel until August 10, 2011." *Id.* at *3.

Because he has filed pro se, Mr. Fabian appears to be unrepresented by counsel.[5] This is not to say that his lack of knowledge of statutory requirements excuses his failure to comply with those rules. But to the extent that Mr. Fabian's Complaint is accepted as true, as it must be at this stage, Mr. Fabian has repeatedly and, it appears, diligently, sought treatment for a hand injury that has not healed properly. And during most of those persistent attempts, he has been armed by Dr. Giberman's notes—notes that, viewed objectively, would vindicate his belief that his treatment has been substandard. *Cf. Booker*, 366 F. App'x at 429 ("Unlike in *Womer*, however, this is not a case where Appellant has taken no action or has ignored his obligations to the Court. Rather, Appellant, while incarcerated and proceeding *pro se* and *in forma pauperis*, has located a

---

[5] Of course, the preparation of Mr. Fabian's Complaint and Response suggest that he may have received assistance from counsel. The Court's General Pretrial and Trial Procedures provide that

> [*p*]*ro se* litigants who have received substantive assistance (i.e., help, guidance, direction or the like with the development of strategy or tactics, drafting pleadings, motions or briefs, etc.) from an attorney for any material filed with the Court shall, at the time the material is filed, identify the attorney, the attorney's contribution to the filing, and the scope of the attorney's limited representation. Failure to identify any such attorney will amount to a representation by the pro se litigant that the submission is the pro se litigant's submission for which no substantive assistance from an attorney was received.

J. PRATTER'S GEN. PRETRIAL & TRIAL P. I(H), *available at* http://www.paed.uscourts.gov/documents/procedures/prapol2.pdf

7

qualified physician, compiled his medical records, timely filed the necessary requests for extensions of time and attempted to provide the Court with a compliant COM.").

Third and finally, Mr. Fabian has represented that if the Court does not view Dr. Giberman's notes as the substantial equivalent of a COM, he will attempt "to obtain the requisite documentation." Resp. at 4. The note accompanying Rule 1042.3(d) that "the court shall give appropriate consideration to the practicalities of securing expert review" compels the Court to conclude that it should consider what must be the added burden of incarceration on the already difficult task of quickly finding and meeting with a suitable doctor.

For these reasons, the Court will deny the Government's Motion to Dismiss Mr. Fabian's Complaint and grant him until Friday, December 6, 2013, to obtain a proper certificate of merit in compliance with Rule 1042.3. Mr. Fabian is further directed to resubmit any exhibits attached to his Complaint—and especially Exhibit 3, Dr. Giberman's notes—by Monday, October 21, 2013.

An Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge